UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JIMMY LEE REESE** | * | **DOCKET NO.  06-1487** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment.  For the reasons assigned below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED** for further proceedings.

## BACKGROUND

Jimmy Lee Reese filed the instant applications for Supplemental Security Income payments and Disability Insurance Benefits on March 4, 2004, and March 18, 2004, respectively.  (Tr. 70-72, 326-328).  He alleged an inability to work since April 1, 2002, due to a malformed bone in his back, inner ear imbalance, poor blood circulation, progressive hearing loss, right arm pain, and leg swelling (Tr. 70, 79).  The claims were denied at the agency level of the administrative process.  (Tr. 37, 54-57, 329).  Thereafter, Reese requested and received a June 6, 2005, hearing before an Administrative Law Judge ("ALJ").   (Tr. 334-355).  However, in a September 3, 2005, written decision, the ALJ determined that Reese was not disabled under the

Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to work that exists in substantial numbers in the economy. (Tr. 19-30). Reese appealed the adverse decision to the Appeals Council. On July 19, 2006, the Appeals Council denied Reese's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On August 30, 2006, Reese sought review before this court. He contends that the ALJ failed to consider whether his impairments meet Listing 1.04A of the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4.

## **STANDARD OF REVIEW**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir.

1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1)　An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)　An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)　An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)　If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)　If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Reese suffered from severe impairments of history of kidney failure with subsequent renal transplant, history of chronic neck pain secondary to neck fracture and left hand limitations. (Tr. 25, 29). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*.

Plaintiff argues that the ALJ failed to consider whether his impairments meet Listing 1.04A. That section provides

> 1.04  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Subpart P, App. 1, Section 1.04(A).

To establish that a claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).[1] An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders*, 914 F.2d at 620.

The record contains evidence that supports all of Listing 1.04A's requirements. For instance, the ALJ determined that Reese had suffered a neck fracture. (Tr. 25, 29). A June 10, 2003, cervical MRI indicated a disc protrusion at the C4-5 level, encroaching upon the spinal cord. (Tr. 241).[2] There is also evidence of pain radiating down the claimant's right arm, limitation of motion of the cervical spine, motor loss (weakness) in the right upper extremity, and complaints of right upper extremity numbness. (Tr. 320-321).[3]

The ALJ did not identify or discuss any countervailing evidence to support his implicit

---

[1] In determining whether a claimant's impairment(s) equals a listing, all evidence in the case record about the claimant's impairments and their effects are considered. 20 C.F.R. § 404.1526(c).

[2] In an effort to support the ALJ's decision, the Commissioner referred to cervical x-rays from 2002, that showed only mild spondylotic changes, but no acute abnormality. (Tr. 206). However, discs cannot be seen on plain x-rays. David A. Morton, III, M.D., *Social Security Disability Medical Tests*, § 1.7, Cervical Spine; Pl. Exh. A.

[3] Although Dr. Werner found no sensory loss during his 2004 examination of plaintiff, he indicated in 2002, that Reese experienced decreased sensation to pinprick and soft touch on the right side. (Tr. 320, 203-205). Dr. Werner further noted in 2004, that he had no results to support Reese's claim of a pinched nerve (*e.g.* the 2003 cervical MRI), and thus he was unable to determine the significance of the right extremity nerve involvement. (Tr. 321).

finding that plaintiff's impairments do not meet Listing 1.04A. Under these circumstances, the ALJ's Step Three determination is not supported by substantial evidence.

In lieu of reversal for further proceedings, plaintiff alternatively seeks a judgment awarding benefits. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed.[4]

For the foregoing reasons, judgment will be entered **REVERSING** the decision of the Commissioner and **REMANDING** the matter for further proceedings consistent with this opinion.

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] At a minimum, the record contains conflicting evidence regarding requisite sensory loss. *See*, fn 3.