UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JIMMY LEE REESE** | \* | **CIVIL ACTION NO. 06-1487** |
| **VERSUS** | \* | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | \* | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 22].[1] The Commissioner does not oppose the motion. (*See*, doc. # 24).[2] The matter is now before the court.[3]

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely. *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2). However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees. *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07). As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2). *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).

>due benefits. In case of any such judgment, no other fee may be payable or
>certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

The instant plaintiff obtained a favorable judgment that reversed and remanded the matter for further proceedings. (*See*, June 4, 2007, Judgment). Upon remand, the Commissioner awarded plaintiff past benefits totaling $ 34,987.00. (*See*, SSA Notice of Award; Exh. to John Ratcliff Affidavit). Plaintiff's counsel seeks to recover 25 percent ($ 8,746.75) of the past benefit award as a reasonable fee for representation before this court.

The court's analysis begins with the fee agreement. *Gisbrecht, supra*. Counsel submitted an October 26, 2005, Social Security Disability Benefit Retainer Agreement (AC-DCt) ("Contract") that was signed by plaintiff and his counsel. (Exh. to John Ratcliff Affidavit). The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id*.

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. In his supporting affidavit, plaintiff's counsel averred that he spent 18.40 hours

representing his client before the court. (Ratcliff Affidavit).[4] Accordingly, if plaintiff's counsel were to receive the requested amount ($ 8,746.75) under the Contract, then he will have been compensated at an hourly rate of $ 475.37.[5]

Upon due consideration of all relevant circumstances, the court finds that the requested fees pursuant to the Contract are not unreasonable. Accordingly, an order will be entered granting plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 22] and awarding fees in the amount of $ 8,746.75, subject to counsel's obligation to refund to his client previously awarded EAJA fees in the amount of $ 2,487.50. *See*, September 6, 2007, Order; *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) (and cases cited therein) (counsel must return the smaller of two fee awards).

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of June, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] Review of the affidavit submitted in support of the instant motion suggests that counsel spent only 13.4 hours for work before this court, plus 1.4 hours on the EAJA petition. (Hours before July 27, 2006, and after June 7, 2007, were for work before the Commissioner). In his affidavit submitted in support of his EAJA fee petition, counsel averred that he spend 19.90 hours representing Reese. (Ratcliff Affidavit; [doc. # 18]). Although case law intimates that plaintiff is limited to recovering fees for counsel's time in federal court, the Commissioner stipulated to the requested EAJA fees in this matter. *See, Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1998) (plaintiff entitled to attorney's fees under EAJA for time spent in federal court); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds by *Gisbrecht v. Barnhart, supra* (district court considers only court-related services in setting 406(b) fees for representation before it). Whether counsel spent 13.4, 14.8, 18.4, or 19.9 hours on work before this court does not alter the court's resolution of the instant motion.

[5] If counsel's time for work before this court were reduced to 14.8 hours, this would result in an hourly rate of $ 591.99.